J-S02041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATHIS AVERY SR. | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2020 |

Appeal from the Order Entered July 30, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002446-2009

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED:  FEBRUARY 22, 2021**

Appellant Mathis Avery Sr. appeals *pro* se from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely.  He alleges that his sentence was illegal and that his prior counsel was ineffective.  We affirm.

On November 2, 2011, a jury convicted Appellant of attempted murder, aggravated assault, and possessing an instrument of crime.  The trial court sentenced Appellant on December 20, 2011, to an aggregate term of 235 to 470 months' incarceration, followed by five years' probation.  On August 20, 2012, this Court affirmed Appellant's judgment of sentence.  Appellant did not file a petition for allowance of appeal with our Supreme Court.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant subsequently filed several unsuccessful PCRA petitions. On April 4, 2020, Appellant filed the instant *pro se* petition titled: "In Support of Trial Counsel, Appeal Counsel, Layered Ineffectiveness." The PCRA court construed Appellant's filing as a PCRA petition and issued a notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The Rule 907 notice observed that Appellant's petition was untimely filed and did not invoke a valid exception to the PCRA's time bar.

The PCRA court ultimately dismissed the petition, and Appellant filed a timely notice of appeal.[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant's *pro se* brief consists of a series of citations to cases and statements that are difficult to follow. However, it appears that Appellant alleges that his sentence was illegal and that his prior counsel was

_____

[2] Appellant filed a one-page handwritten notice of appeal to this Court, but failed to identify the specific order from which he was appealing. Consequently, this Court issued a rule to show cause as to why the appeal should not be quashed because the notice of appeal did not indicate the order being appealed. *See* Order, 10/28/20. Appellant filed a response. *See* Resp. to Rule to Show Cause, 11/10/20. This Court discharged the rule, but referred the issue to the merits panel. *See* Order Discharging Rule to Show Cause, 12/08/20.

We decline to quash this appeal. *See* Pa.R.A.P. 902 (stating, in part, that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken"). Moreover, we note that the order date was included in Appellant's criminal docketing statement. *See* Appellant's Crim. Docketing Statement, 9/28/20.

ineffective. *See* Appellant's Brief at 5, 12, 16. For example, he argues his trial counsel failed to object to the imposition of an illegal mandatory minimum sentence. He further claims that appellate counsel failed to file a Rule 1925(b) statement.

At the outset, we note that the PCRA court construed Appellant's filing as a request for relief under the PCRA. Our Supreme Court has held that the PCRA subsumes all forms of collateral relief. *See Commonwealth v. Judge*, 916 A.2d 511, 520 (Pa. 2007). A challenge to the legality of the sentence is cognizable under the PCRA. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Similarly, a claim of ineffective assistance of counsel is also cognizable under the PCRA. *See Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013). Therefore, we conclude that the PCRA court properly construed Appellant's petition under the framework of the PCRA.

"Our standard of review for issues arising from the denial of PCRA relief is well settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted and formatting altered).

Before we may review the merits of Appellant's argument, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional; we may not address the merits of issues raised in untimely petitions. *See id.*

- 3 -

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to

---

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from sixty days to one year from

allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

Instantly, as noted by the PCRA court, Appellant did not attempt to plead or prove any of the timeliness exceptions in his petition. ***See*** Rule 907 Notice, 6/11/20, at 3-4. Accordingly, we agree with the court that it lacked jurisdiction to address the merits of Appellant's petition. ***See Presley***, 193 A.3d at 442.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21

---

the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.